S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
LEAH K. BOLSTAD, OSB #05203
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 S.W. Third, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:14-CR-00224-JO |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO |
| MARK PATRICK JOHNSON, | COMPEL DISCOVERY |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Leah K. Bolstad, Assistant United States Attorney (AUSA) for the District of Oregon, hereby responds to defendant's motion to compel.

## BACKGROUND

On May 28, 2014, a federal grand jury returned an indictment charging defendant Mark Patrick Johnson (a/k/a "E.K. J") with a single crime that occurred on a single day: Possession With Intent to Distribute Methamphetamine in an amount exceeding 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count 1 carries a statutory maximum of life imprisonment and a 10-year statutory mandatory minimum.

## SUMMARY OF INVESTIGATION

On April 10, 2014,[1] Multnomah County Sheriff's deputies located defendant on SE 82nd Avenue at the Clackamas Inn. Defendant was in warrant status on a parole violation warrant. Defendant was and is known to law enforcement as a member the European Kindred (EK), as evidenced by the EK shield tattoo on defendant's calf. Defendant's nickname or street moniker is "EK J." The Deputies communicated with Portland Police Bureau Officers to request assistance in making a traffic stop of defendant and arresting defendant on the warrant. Officers executed a traffic stop and arrested defendant, the sole occupant of the vehicle. Officers advised defendant of his *Miranda* rights, and defendant stated he understood. During a search of his person, officers found a folding knife with spring-action blade, a restricted weapon (ORS 166.270) that felons like defendant are prohibited from carrying. Officers also found $7,100 in U.S. currency in defendant's rear pant pocket. Defendant claimed he inherited the money and was going to buy a car, but could not say where or what kind of car. A records check confirmed defendant had a suspended driver's license, and defendant did not have proof of valid insurance.

After impounding the vehicle and ordering a tow, officers conducted an inventory search of defendant's vehicle and found a combination stun gun and flashlight on the driver's floorboard, a glass pipe in a seat pocket of the right front seat, a Samsung Galaxy cellular phone, and two bags in the trunk. Officers applied for a search warrant for the cellular phone and the bags in the trunk. Upon executing that warrant, they found a small safe, 2 bags of methamphetamine within that safe, ziploc baggies, a bag of rubber bands, and court paperwork

---

[1] The indictment incorrectly lists October 8, 2013. Defense counsel is aware of this mistake, and the government has offered to either supersede through grand jury or through a superseding information. If the case does not resolve, the government will return to grand jury to correct this error.

**Government's Response to Motion to Compel,** *Johnson* **3:14-CR-00224-JO**          **Page 2**

in defendant's name. The cellular phone contained evidence of drug dealing in the form of text message communications referencing "zips" (street term for an ounce of methamphetamine) and "650 for a zip" (i.e., the price for one ounce of methamphetamine), four grams, and discussion of whether the "stuff" was wet or cut (i.e., pure or diluted). The Oregon State Police Crime Lab analyzed the seized methamphetamine and confirmed the presence of 110 grams of actual methamphetamine.

## DISCOVERY STATUS & DISCUSSION

The government has produced two volumes of discovery containing a total of 97 pages of bates-stamped material and two forensic downloads of the cellular phones searched pursuant to a warrant. Discovery in this matter is not complicated. The discovery contains reports of arrest (pages 1-21), a printout of relevant text messages (pages 22-36), search warrant documents (pages 37-45), photographs of items seized (pages 46-53), defendant's criminal history records (pages 54-74), report of laboratory analysis (page 75), cell phone forensic reports (pages 76-77), additional reports and property receipts (pages 78-97). The government has arranged for the defense to view the evidence held in police custody. The government has also provided detailed answers to defense inquiries and requests for additional discovery materials.

Defendant moves to compel production of "any and all law enforcement investigative reports respecting the 'White Christmas' investigation which reports refer to or in any way document the actions of defendant."[2] Def. Mot. to Compel at 1. Defendant's motion amounts to a fishing expedition for material that is not discoverable in his criminal case. Defendant's

---

[2] Operation White Christmas was a large-scale investigation in which the U.S. Attorney's Office partnered with local law enforcement agencies and the ATF, DEA and FBI in 2013 to target violent gang-involved individuals engaged in drug-trafficking and firearms. The operation culminated in the December 2013 federal indictments and arrests of approximately forty (40) defendants. Defendant Mark Johnson was not indicted nor arrested in that operation.

**Government's Response to Motion to Compel,** *Johnson* **3:14-CR-00224-JO                Page 3**

criminal charges arise from a single day in time (April 10, 2014) and evidence seized from him during a traffic stop on that single day in time. Defendant seeks a wide range of material, much of it non-discoverable.

Discovery in criminal cases generally is controlled by Rule 16 of the Federal Rules of Criminal Procedure. Pretrial discovery is also governed by the *Jencks Act* (18 U.S.C. § 3500), and *Brady v. Maryland*, 373 U.S. 83 (1963), along with cases decided thereunder. The government has provided, and will continue to provide, defendant with pretrial discovery in accordance with those discovery standards. Rule 16 provides for disclosure of five types of information: (1) the defendant's own statements; (2) the defendant's prior criminal record; (3) documents and tangible things which are within the government's possession, custody, or control, and which are material to the preparation of the defense, are intended for use as evidence in the government's case-in-chief, or were obtained from or belong to the defendant; (4) results or reports of physical or mental examinations or scientific tests or experiments; and, (5) a summary of the qualifications and opinions of expert witnesses who will testify at trial. The government has produced in discovery the police reports, photographs, and lab testing relevant to his crime. The only witnesses the government will call at defendant's trial are the law enforcement officers who participated in this stop, arrest, and search, as well as the lab chemist who analyzed the distribution quantity of methamphetamine. The government has complied and will continue to comply with the requirements of Rule 16.

In his motion to compel, defendant speculates that the requested reports (i.e., any and all law enforcement reports that mention his name) contain exculpatory information and avenues of

impeachment for the government witnesses.  "To obtain discovery under Rule [16(a)(1)(E)],[3] a defendant must make a prima facie showing of materiality."  *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984).  A "general description of the materials sought or a conclusory argument as to their materiality is insufficient to satisfy the requirements of Rule 16(a)(1)(c)."  *Cadet*, 727 F.2d at 1468.  The government is confident that there exist hundreds, if not thousands, of pages documenting defendant's long-term involvement in criminal activity.  His criminal history is extensive.  Given that extensive history, it is entirely possible and even likely that his name has surfaced in prior investigations of criminal activity.  The rules of discovery, however, do not require the government to produce what defendant is requesting:  "any and all law enforcement investigative reports" that in any way "refer to or in any way document the actions of defendant."

To the extent defendant is requesting information provided by government informants, cooperating defendants, or other sources of information, his request should be denied because this case does not involve any informants or tipsters that are percipient witnesses to the charged crime.  Disclosure has regularly been denied to a defendant where informants or sources of information are not "central to the [charged crime] and necessary for the adequate preparation of a defense."  *United States v. Alexander*, 761 F.2d 1294, 1303 (9th Cir. 1985); *United States v. Connolly*, 479 F.2d 930, 933-34 (9th Cir. 1973) (disclosure properly denied where  "the informer's role [is] peripheral.").  Further, when an informant provides only background information, or information relating to criminal conduct that is not charged, disclosure is not

---

[3]Then-Rule 16(a)(1)(C).

**Government's Response to Motion to Compel,** *Johnson* **3:14-CR-00224-JO**               **Page 5**

warranted.  *United States v. Jaramillo-Suarez*, 950 F.2d 1378, 1387 (9th Cir. 1991) (background information); *Johnson*, 886 F.2d at 1122 (uncharged conduct).

Therefore, based on the aforementioned reasons, defendant's motion to compel should be denied.

Dated this 24th day of September 2014.

                                               Respectfully submitted,

                                               S. AMANDA MARSHALL
                                               United States Attorney

                                               *s/ Leah K. Bolstad*
                                               LEAH K. BOLSTAD, OSB #05203
                                               Assistant United States Attorney