PHILIP A. LEWIS
Attorney at Law
Suite 500
210 SW Morrison Street
Portland, OR 97204
(503) 226-3498
E-mail: phil@phillewis.com

    Attorney for Defendant

        IN THE UNITED STATES DISTRICT COURT

          FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:14-cr-00224-JO |
| ) | |
| Plaintiff, ) | REPLY TO GOVERNMENT'S RESPONSE |
| ) | TO DEFENSE MOTION TO COMPEL |
| v. ) | DISCOVERY |
| ) | |
| MARK PATRICK JOHNSON, ) | |
| ) | |
| Defendant ) | |

## I.   INTRODUCTION

     The Government's Response to Defendant's Motion to Compel Discovery opens its discussion of a discovery issue with a statement of the charges, and a truncated version of the facts set out in the police reports. The government then argued that the motion should be denied because it has provided discovery and that the defense is on a fishing expedition. However, the government omitted some important facts.

     In its response, the government omitted mention of the fact that it was only when the defense pointed out that there had been an unsuccessful deployment of a drug dog that the government produced a report pertaining to the use of the dog. The government

Page 1 - REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL

also overlooked the fact that the dog's failure to detect the presence of drugs was not included in the search warrant affidavit. That fact was also omitted from the initial set of reports provided by the government. One can only speculate as to whether the police intentionally kept that fact from the prosecutor.

The fact that a drug detecting dog had been used to examine the vehicle driven by Mr. Johnson and that it failed to indicate the presence of drugs is significant. *See, e.g., United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993); *United States v. Betancur-Bustamonte,* 852 F.2d 572 (9th Cir. 1986). It is also significant that the report that had already been prepared by the dog handler had been omitted from the "two volumes" of materials provided by the government.

## II.  NOT A FISHING EXPEDITION

The government acknowledges that FRCP 16 requires it to disclose "documents . . . which are material to the preparation of the defense," yet opposes disclosure of investigative reports relating to Mr. Johnson. The information sought by Mr. Johnson is potentially exculpatory, and thus subject to disclosure.

The primary investigating officer in the case appears to be Portland Police Officer Joseph Corona, who also prepared the search warrant affidavit. Both Officer Corona's report and his affidavit are replete with things about Mr. Johnson that Officer Corona stated he "knew." For instance, he stated he "knew" that:

1. Mr. Johnson was wanted for a parole violation, having

Page 2 - REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL

        been on parole subsequent to a conviction for being an ex-felon in possession of a firearm;

2. Mr. Johnson "is" a member of the European Kindred ("EK");

3. EK is a violent, white supremacist gang, whose members commit drug possession and dealing, robbery and assault;

4. Mr. Johnson has been convicted of Attempted Assault I and Unlawful Use of a Weapon;

5. Police reports indicate that Mr. Johnson "commonly" carries drugs, cash and weapons in a safe or lockbox in his vehicle; and

6. In 2009, during a traffic stop, Mr. Johnson was discovered to be in possession of a spring assisted knife, a methamphetamine pipe, packaging materials and a safe in the trunk containing methamphetamine, a firearm and packaging materials.[1]

The only source of the affiant's knowledge that he has identified were the "police report**s**" (emphasis added) from the 2009 incident, which, the government now admits, was actually the single report provided by the government at defendant's request. In that report, the word, "commonly," is not included - rather, it was supplied by the affiant in this case, just as the information about the dog search was excluded from the affiant and initially excluded from the discovery first provided by the government.

In addition, Officer Corona's report and his affidavit suggest other sources of information beyond their own observations and the information provided in the 2009 report, i.e., informants. Further, the government has advised defense counsel of its use of informants. And, Officer Corona's report at least suggests that

---

[1] At Mr. Johnson's request, the government provided counsel with a report from the 2009 incident.

Page 3 - REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL

Mr. Johnson had been under surveillance up to the point that police conducted their traffic stop and arrest. No reports pertaining to this surveillance, or the use of informants, have been provided.

In addition, the report of the dog handler, Multnomah County Sheriff's Office Deputy Adam Swail, reveals that Mr. Johnson was a "subject of MCSO SIU's White Christmas investigation." That had also not been mentioned in any of the documents previously provided by the government.

Given what appears to be the careful manipulation of both the information provided in Officer Corona's report and in his affidavit, and given the government's initial omission of such important facts and reports from discovery, the suggestion that the defense is on a fishing expedition is specious. Further, Mr. Johnson is not asserting a "general description of the materials sought" or a "conclusory argument" as the government suggests, and thus the precedents it cites are inapplicable.

Mr. Johnson's request is specific and limited only to those reports expressly pertaining to Mr. Johnson, precludes the possibility of a fishing expedition. *See, e.g.*, *Hernandez v. Holland*, 750 F.3d 843, 850 n. 7 (9th Cir. 2014).

Speculation is the touchstone of a "fishing expedition," and Mr. Johnson is not speculating. *See, e.g., Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996)("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation ....").

Page 4 - REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL

On the other hand, the Ninth Circuit has rejected government arguments that the defense was on a "fishing expedition" when it sought information which had potential for impeaching the investigating agent and for corroborating a defense. *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1184 (9th Cir. 2013)

The 2009 incident, referred to above, is important in this case because it appears to be part and parcel of the current investigation. If nothing else, much of the search warrant affidavit in the instant case is based on information obtained from the 2009 stop, search and arrest of Mr. Johnson. The report from that case indicates that, at an unestablished time before November 27, 2009, PPB Officer Cory Stenzel had been told by "a number" of informants that,

1. "[L]ately" Mr. Johnson had been selling methamphetamine and carrying a gun;

2. Mr. Johnson was driving a bluish-green Honda Passport; and

3. Mr. Johnson "often" keeps his gun and drugs in a safe.

When this information appeared in the search warrant affidavit in this case, it morphed into Mr. Johnson "commonly" keeping drugs, money and weapons in a safe *which he also kept* in his vehicle.

The initial materials provided by the government omitted the report impeaching Officer Corona's sworn statement. It was

Page 5 - REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL

only when the defense requested reports from the 2009 incident that it was provided, along with the admission that it was the only report which Officer Corona had reviewed.

Equally important, Officer Stenzel's report indicates that his information about what Mr. Johnson "commonly" did in 2009 was obtained from unnamed informants whose reliability and veracity were never established. Significantly, based on the defense reading of the 2009 report, the lawfulness of the search of Mr. Johnson's vehicle was questionable. Thus, the defense needs the information sought by the motion in order to better assess the legality of both the 2009 search and the 2014 search which led to the charges before this court.

Also troublesome is the frequent reference in Officer Corona's affidavit to Mr. Johnson's membership in the European Kindred (EK). Officer Corona - and the government - allege that Mr. Johnson was, at the time of his 2014 arrest, a member of the EK. However, easily acquired records from the Oregon Board of Parole and Post-Prison Supervision indicate just the opposite, that he had formerly belonged to the EK but that he had withdrawn from the group, crossed out his gang tattoo, and had been blacklisted by the EK, thereby actually putting him at risk from members of that gang. If in fact he was part of the White Christmas investigation, or if in fact the police had been investigating Mr. Johnson, it is reasonable to believe that the police had also come across such

////

Page 6 - REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL

information, which would have contradicted statements made by Officer Corona in his affidavit.

To the extent that the information sought involves privileged information, such as the identity of one or more confidential informers, the government could be seen opposing the motion specifically on that basis, arguing at least for a protective order. But, that is not the basis of its objection. Rather, the government merely argues that Mr. Johnson is a bad person, that he is guilty, that the government has provided enough information to the defense, and that Mr. Johnson is engaged in a fishing expedition.

The information sought by Mr. Johnson in his motion is specific, it is exculpatory, and is certainly not part of a fishing expedition as argued by the government. The information is material to not only guilt or innocence, it is also material to sentencing, and as such is subject to discovery.

Respectfully submitted this 17th day of October, 2014.

/s/ Philip A. Lewis
PHILIP A. LEWIS, OSB #78284
Attorney for Defendant

Page 7 – REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL