IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:14-CR-00224-JO |
| MARK PATRICK JOHNSON, | ) ) | |
| Defendant. | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY |

This case comes before the court on Johnson's Motion to Compel Discovery. (## 20, 23) Johnson seeks: (1) reports from the "White Christmas" investigation that refer to Johnson's actions; (2) reports that indicate the Government knew Johnson was no longer a member of the white supremacist gang, European Kindred ("EK"); (3) reports used to develop the basis for the affidavit submitted to obtain the search warrant; (4) reports regarding the surveillance leading up to Johnson's arrest; and, (5) information provided by informants. (#23) Johnson claims the information could exculpate him and impeach government witnesses, and therefore is subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963). The parties presented arguments on

this matter October 22, 2014. Johnson emphasized the need for documents demonstrating the affiant knew Johnson was no longer affiliated with EK.  He argued that if, at the time the officer signed the affidavit for the search warrant, he knew Johnson was no longer a member of EK, this information could potentially undermine the validity of the search warrant.  I requested additional information from the parties and took the motion under advisement.  The court now denies in part and grants in part Johnson's motion.

Facts

On April 10, 2014, the police executed a traffic stop of Johnson based on an outstanding warrant for a supervised release violation.  The arresting officer searched Johnson and found a folding knife with a spring-action blade, a wallet, and $7100 in U.S. currency.  The officer conducted an inventory after impounding the vehicle and found a combination stun gun and flashlight, a glass pipe, two cell phones, a duffle bag, and a backpack.  Officers applied for a search warrant for the duffle bag, backpack, and the cell phones.  In his application for a search warrant, the officer relied on his experiences working in the community, a 2009 incident report, and communications from informants.  A search warrant issued and the search of Johnson's cell phones and bags revealed text messages referring to or about drugs, Ziploc baggies, rubber bands, syringes, a scale, a second pipe, court paperwork in Johnson's name, and a small safe inside the backpack containing 117.3 grams of methamphetamine.

Decision

Johnson's request for all reports from the White Christmas investigation is denied.  Under *Brady v. Maryland*, the Government must disclose all evidence that is material to the guilt and punishment of the defendant.  373 U.S. at 87-88.  The requested reports from White Christmas

do not meet the materiality standard. Law enforcement terminated the White Christmas investigation in December 2013, four months before officers arrested Johnson for an unrelated supervised release violation. Any documents from the White Christmas investigation referring to Johnson are irrelevant to his current charge of possession with the intent to distribute methamphetamine. The police found all of the evidence used to charge Johnson in this case in his car at the time of his arrest. None of the documents from White Christmas, a separate investigation, provide evidence material to his guilt or punishment in this case.

Similarly, Johnson has not met his burden of demonstrating that White Christmas reports are material to preparing his defense. Fed. R. Crim. P. 16. Johnson's requests for any reports in the Government's possession that refer to or in any way document his actions or expressly pertain to him are overly broad and general. A general description of the information sought fails to satisfy the materiality prong of Rule 16. *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984) (holding defendant's request for all relevant information to the case failed to meet the materiality standard in Rule 16). Conclusory allegations without the presentation of facts that demonstrate the Government possesses helpful information also lack materiality. *Cadet*, 727 F.2d at 1468; *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

The court in *Cadet* rejected a request for all evidence relevant to the case because it was an overly general and broad request. *Cadet*, 727 F.2d at 1468. Requesting all of the reports that may mention Johnson constitutes a general and broad description. The court denies Johnson's motion to compel this information because it fails to meet the materiality element in Rule 16.

Johnson's request for any reports from the White Christmas investigation that indicate the Government knew Johnson was no longer a member of EK is also denied. Following argument,

3

Johnson presented the court with an Oregon Department of Corrections Detailed Case Plan Report ("Case Plan Report"), dated May 2, 2012, that showed Johnson's probation officer knew that EK blacklisted him. Nevertheless, the affiant stated that "[a]s far as I knew/know, [defendant] was and is an active member." Email from Leah K. Bolstad, Assistant United States Attorney (Oct. 22, 2014, 2:28 PM PDT). Apparently, the officer was unaware of the Case Plan Report on April 17, 2014, the date of the affidavit.

Johnson's request for any reports used to develop the basis for the affidavit submitted to obtain the search warrant is also denied. This request fails the materiality test in Rule 16. Both parties acknowledged in their briefs that the affiant only used one report, the 2009 incident, and Johnson does not present facts that demonstrate the Government possesses any other evidence. In *Mandel*, the court required the defendant to provide facts that show the Government possessed helpful information to the defense. 914 F.2d at 1219. Seeking all possibly relevant information does not meet this requirement. *Mandel*, 914 F.2d at 1219. Johnson failed to provide the court with any information suggesting the Government possesses helpful information other than the 2009 incident report, which the Government already disclosed.

Johnson requests all documents reflecting surveillance of him prior to his traffic stop and arrest. The Government does not need to provide all surveillance that pertains to Johnson; this is a general description that could consist of thousands of documents due to his extensive criminal history. *See Cadet*, 727 F.2d at 1468. However, it must provide the surveillance that led to his arrest or the search of his vehicle. This is material to preparing the defense. Fed. R. Crim. P. 16.

Johnson also requests information provided by the informants, but does not request their identity. The Government relied on informants' information. This request is neither a general

description nor a conclusory allegation.  Johnson provided a factual basis demonstrating the

Government possessed this information.  *Cadet*, 727 F.2d at 1468.  This information is material

to the defense because it demonstrates the basis for the Government's allegation that Johnson

committed the crime.  Unlike the other requests, this one meets the materiality standard in Rule

16.

Accordingly, Johnson's motion to compel discovery (## 20, 23) is DENIED as to any

White Christmas investigation reports, reports used to develop the affidavit, and reports that

demonstrate the affiant knew Johnson's EK status.  However, Johnson's motion to compel is

GRANTED as to specific information regarding information from informants and surveillance

reports relevant to this crime.

IT IS SO ORDERED.


DATED this ___29__ day of October, 2014.


_____
Robert E. Jones, Senior Judge
United States District Court