S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-CR-00224-JO |
| v. | GOVERNMENT'S OMNIBUS MOTION IN LIMINE |
| MARK PATRICK JOHNSON (a/k/a "EK J"), | |
| Defendant. | |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Leah K. Bolstad, Assistant United States Attorney, hereby submits an omnibus motion in limine requesting pretrial rulings on the following:

**Motion in Limine #1 – Motion to Exclude Reference to Potential Punishment**

The government moves to preclude any reference to the defendant's potential punishment if he were convicted in this case.  The law is clear that a jury should not be made aware of a defendant's potential punishment.  *See United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991).  Ninth Circuit Model Criminal Jury Instruction 7.4 is to the same effect.

/ / /

/ / /

**Motion in Limine #2 – Motion to Exclude Reference to Alleged Wide-spread Government Intrusions into the Privacy Rights of Every American**

The government moves to exclude evidence, argument, or reference to any alleged government surveillance program or policy involving the surveillance or monitoring of wire and electronic communications of every American. It has become quite trendy for defense attorneys to raise this irrelevant topic during closing arguments. Indeed, this Court has presided over at least two such closing arguments in drug-trafficking prosecutions in calendar year 2014 – *United States v. Martinez-Rodriguez* (13-CR-00452-JO) and *United States v. Gill* (14-CR-00275-JO).

**Motion in Limine #3 – Motion for a Rule 104 Preliminary Hearing on Defense Witnesses**

The defense has not provided a witness list or summary of anticipated defense witness testimony. If the defense calls witnesses at trial, the government moves for a Rule 104 Preliminary Hearing on Admissibility as to any defense witness and anticipated testimony not yet disclosed. As the Court is well-aware, such matters should be address <u>pretrial</u> to avoid wasting the jury's time mid-trial with court-time devoted to sorting out complicated evidentiary issues regarding admissibility. The government requests this hearing in order to avoid a "trial by ambush" and to have an opportunity to make objections known to the Court prior to the empanelment of the jury.

DATED this 1st day of December 2014.

                        Respectfully submitted,

                        S. AMANDA MARSHALL
                        United States Attorney

                        */s/ Leah K. Bolstad*
                        LEAH K. BOLSTAD, OSB #052039
                        Assistant United States Attorney