PHILIP A. LEWIS
Attorney at Law
Suite 500
210 SW Morrison Street
Portland, OR 97204
(503) 226-3498
E-mail: phil@phillewis.com

    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:14-cr-00224-JO |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE TO |
| | ) | EXCLUDE EVIDENCE |
| v. | ) | |
| | ) | |
| MARK PATRICK JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

    Comes now defendant and moves this court for an order excluding as evidence at trial those items listed below.

**FACTUAL BACKGROUND**

    On April 10, 2014, defendant was stopped by police, who, according to the report of the arresting officer, did so because they knew he was the subject of an outstanding parole[1] violation warrant. It was also either already known, or soon learned, that defendant was driving with a suspended license and without insurance. The arrest, which followed a brief period of surveillance, led to the search of defendant's person and the vehicle he was driving.

---

[1] Under Oregon law, parole is formally referred to as "post-prison supervision."

1 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

Police reports, along with correspondence from the government, indicate that the police had been speaking with various individuals and/or reading reports indicating that defendant was or had been involved in the trafficking of methamphetamine, that he was involved in a gang known as the European Kindred (EK), and that he was a "target" of what is known as "Operation White Christmas" investigation being conducted by the Multnomah County Sheriff's Office.

When police stopped and arrested defendant, two or more police vehicles were involved, they boxed him in with their vehicles, and approached him with guns drawn. The arresting officer stated in his report that he knew defendant from mug shots.

On defendant's person police found a pocketknife which they claimed to be of a nature which is illegal for him to possess given his status as a convicted felon. On his person police also found approximately $7,100 in U.S. currency, which defendant said he had inherited and was to use for purchasing a vehicle.

In the passenger compartment of the car police reported finding a combination flashlight/stun gun and a pipe that can be used to smoke methamphetamine. Police also reported finding in the passenger compartment a white Samsung cell phone plugged into a charger and an HTC cell phone in defendant's jacket pocket.

In the trunk police found a duffle bag and a backpack, which they seized those in anticipation of obtaining a warrant to search their contents. One week later, police obtained and

2 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

executed a warrant for the search of the duffle bag and backpack, along with the two cell phones referred to above.  Inside the backpack police reported finding a safe containing the drugs with which defendant is charged with possessing, along with drug paraphernalia.

Other items found in the backpack were various keys and a handwritten note containing some case numbers.  On the other side of the note there is what appears to be a printout from a state court or District Attorney website referencing a case where defendant is described as a suspect.  As to the keys, the arresting officer reported that there were keys to a Chevrolet and a Ford, and that the officer knew that defendant had access to those brands of vehicles.

When the cell phones were examined pursuant to the search warrant, police report hundreds of text messages on the Samsung and a few on the HTC.

**EVIDENCE DEFENDANT MOVES TO BE EXCLUDED**

Defendant moves to exclude evidence of the items listed below.

1. Evidence that defendant was or had been a member of or associated with any gang, and in particular the EK.

Admission of gang membership, past or present, would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged.  As such, it is not admissible. Fed. R. Ev. 401. *Kennedy v. Lockyer*, 379 F.3d 1041, 1055-56 (9th Cir. 2004)(gang membership will almost always be unduly

3 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

prejudicial, and cannot be introduced to prove intent or otherwise to show culpability.)  Such evidence invites the conclusion from the jury that the defendant is a bad person and is therefore predisposed to commit such a crimes.  *Id.*  Gang evidence allows for a finding of guilt by association, which is improper.  *United States v. Garcia*, 151 F.3d 1243, 1246 (9th Cir. 1998).

Evidence of gang membership would also violate fundamental principles of our system of justice.  *United States v. Garcia, Id.*  Consequently, admission of such evidence would violate defendant's right to due process under the Fifth Amendment.  This would also render the evidence inadmissible.  Rule 402 (Evidence that might otherwise be admissible must be excluded if its admission would violate the Constitution.)  *See, e.g., Kentucky v. Whorton*, 441 U.S. 786, 99 S. Ct. 2088 (1979).

Further, any probative value evidence of gang membership might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay.  Rule 403.

Admission of gang membership would also violate Rule 404(a), which provides that evidence of a person's character or a character trait is not admissible to prove that on a particular occasion the person acted in accordance with that character or trait.

Evidence of gang membership would also be inadmissible under Rule 404(b), which, subject to certain exceptions, prohibits

4 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

the use of evidence of other crimes, wrongs or other acts to prove a person's character to show that on a particular occasion a person acted in accordance with that character. None of the exceptions listed in the rule apply in this case. Further, the government has not provided any notice that intends to offer such evidence at trial.

    2. Prior convictions

Fed. R. Ev. 609, which governs the admissibility of prior convictions renders certain convictions admissible only for the purpose of impeaching a witness. Defendant does not intend to testify.

With defendant not testifying, evidence of prior convictions would be rendered inadmissible for the same reasons gang membership is inadmissible, cited above. It would also run counter to Rule 404(b) pertaining to the admissibility of prior acts.

    3. Investigative Information

Evidence to the effect that defendant had been the subject of an investigation is irrelevant as it would not be probative of any of the elements of the crime with which defendant is charged. As such, it is not admissible. Fed. R. Ev. 401. Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay. Rule 403.

5 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

Evidence that defendant had been the subject of an investigation would also amount to hearsay as it would perforce require the witness to recount information received from other individuals and/or from reviewing documents.

4.  That defendant had been under surveillance

Evidence that defendant had been under surveillance and was followed by the police for some distance, then observed entering and leaving a house prior to being arrested would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged.  As such, it is not admissible.  Fed. R. Ev. 401.  Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay.  Rule 403.

5.  Circumstances of arrest

Evidence concerning police recognizing defendant from mug shots or any other source, and also as to the steps police took when they arrested him (e.g., boxing him in and drawing guns), would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged.  As such, it would not be admissible.  Fed. R. Ev. 401.  Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay.  Rule 403.  Such evidence, if admitted, would raise unnecessary questions as to how the police

6 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

knew or knew of defendant, why they felt it necessary to box him in with their cars, and why they felt it necessary to approach him with guns drawn. It would then lead to contesting certain facts and in turn leading the jurors far afield from the actual issues before them. And, of course, it would be unduly prejudicial to defendant and deprive him of a fair trial.

      6.   Arrest on an outstanding parole violation warrant

Evidence that the police were executing a parole violation warrant when they arrested defendant would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged. As such, it is not admissible. Fed. R. Ev. 401. Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay. Rule 403. It would also run counter to Rules 404(b) and 609 pertaining to the admissibility of prior acts and prior convictions.

      7.   Stun gun in the car

Evidence that a stun gun was found in the vehicle defendant was driving would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged. As such, it is not admissible. Fed. R. Ev. 401. Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice,

confusion of the issues, misleading the jury, and/or undue delay. Rule 403.

Defendant was not charged with possessing the device, and evidence that he possessed it would constitute prohibited character evidence under Rule 404 (b)(1). Further, there is no indication that its possession was in any way connected with the commission of the crime charged herein, other than its proximity.

8. The $7,200 found on defendant's person

Evidence that at the time of his arrest defendant had on his person approximately $7,200 would be irrelevant as it is not probative of any of the elements of the crime with which defendant is charged. As such, it is not admissible. Fed. R. Ev. 401. Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay. Rule 403.

It should also be noted that it is defense counsel's understanding that the case agent subsequently looked into the issue and learned that defendant had in fact received an inheritance. Accordingly, if evidence of defendant's possession of this sum of money were to be admitted it would then require going into the side issue of defendant's inheritance, further confusing issues and leading to more delay.

////

////

8 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

9.  No insurance, driving while suspended

Evidence that defendant was driving with a suspended license and/or without insurance would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged. As such, it is not admissible. Fed. R. Ev. 401. Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay. Rule 403. It would also run counter to Rule 404(b) pertaining to the admissibility of prior acts.

10.  Other prior bad act evidence - no notice

The government has provided no notice of any "other act" evidence as required by Fed. R. Ev. 404(b) and as requested by defendant on June 29, 2014. *See* Doc. #12.

11.  Papers found in backpack referring to defendant as either a defendant or a suspect

Admission into evidence of the papers found in the backpack, or testimony concerning their contents, would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged. As such, it would not be admissible. Fed. R. Ev. 401. Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay. Rule 403. Such evidence, if admitted, would raise unnecessary questions as to the case or cases referred to in the paperwork, and how it was that defendant was listed as a

9 - MOTION IN LIMINE TO EXCLUDE EVIDENCE

suspect, and in turn leading to undue delay. And, of course, it would be unduly prejudicial to defendant and deprive him of a fair trial.

      12.  That police found the drugs and other evidence pursuant to a search warrant

      Admission into evidence of the fact that the drugs and other items of physical evidence were found pursuant to a search warrant would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged. As such, it would not be admissible. Fed. R. Ev. 401. Further, any probative value such evidence might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay. Rule 403.

      Respectfully submitted this 2nd day of December, 2014.

                            /s/ Philip A. Lewis
                            PHILIP A. LEWIS, OSB #78284
                            Attorney for Defendant