PHILIP A. LEWIS
Attorney at Law
Suite 500
210 SW Morrison Street
Portland, OR 97204
(503) 226-3498
E-mail: phil@phillewis.com

    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:14-cr-00224-JO |
| | ) | |
| Plaintiff, | ) | AFFIDAVIT OF COUNSEL IN |
| | ) | SUPPORT OF MOTION FOR FRANKS |
| v. | ) | HEARING |
| | ) | |
| MARK PATRICK JOHNSON, | ) | |
| | ) | |
| Defendant | ) | |

    I, PHILIP A. LEWIS, do hereby depose and say:

    1. I am the attorney of record for Mark Patrick Johnson, defendant herein. I have filed on behalf of Mr. Johnson a Motion for Franks Hearing. The government's response, filed December 1, 2014, argues that the motion lacks a foundation as no affidavit was filed supporting the assertions made in the motion. The defense takes issue with the government's assertion that an insufficient showing or offer of proof was made, and that an affidavit is necessary. The purpose of this affidavit is to render moot the issue raised by the government.

    2. Drug dog: In the motion it is asserted that the affiant did not advise the magistrate that a drug detecting dog was

1 – AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION FOR FRANKS
    HEARING

used to search the vehicle, presumably all around the vehicle, and without it alerting to the presence of drugs. This fact is not contested by the government. Further, this fact is known from police reports supplied to the defense after inquiries were made about whether there had been a dog used to inspect the vehicle. Testimony will be elicited concerning the use of the dog.

3. Knife: I have conferred with personnel from the Kershaw company, which manufactured the knives referred to in the motion. I have been advised that the knives do not have blades which swing into position by force of a spring, contrary to what the government argues. Testimony will be offered to this effect.

4. European Kindred membership status: testimony will be presented that Officer Joseph Corona, the affiant, read Officer Stenzel's 2009 report and did not inform the issuing magistrate that defendant had reported that, while he had not dropped out of the gang, he was distancing himself from it. Evidence will also be elicited that if the affiant, during the week before defendant's arrest and the warrant application, had made inquiries of the Oregon Board of Parole and Post-Prison Supervision he would have learned that defendant was viewed by the Board in 2012 as a gang drop out and that he had covered up his gang tattoo.

5. Need to tow: testimony will be elicited from police officers that will show that the exigency was created by them.

6. Scorch marks and residue: In my supplement to the Franks motion I supplied my affidavit on this point, noting that I

2 - AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION FOR FRANKS HEARING

had observed the pipe at the Portland Police Bureau Property Room, and had noticed nothing which to me appeared to be a scorch mark or residue. An examination of the pipe by the court during the Franks hearing is expected to yield the same observation, or lack thereof.

                                          PHILIP A. LEWIS OSB #78284

SIGNED and sworn to before me by Philip A. Lewis this 2nd day of December, 2014.

                                          Notary Public for Oregon
                                          My Commission Expires: 7-28-15

OFFICIAL SEAL
KAI AMANDA JONES
NOTARY PUBLIC-OREGON
COMMISSION NO. 460503
MY COMMISSION EXPIRES JULY 28, 2015

3 – AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION FOR FRANKS
    HEARING