PHILIP A. LEWIS
Attorney at Law
Suite 500
210 SW Morrison Street
Portland, OR 97204
(503) 226-3498
E-mail: phil@phillewis.com

    Attorney for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:14-cr-00224-JO |
| | ) | |
| Plaintiff, | ) | SECOND MOTION IN LIMINE TO |
| | ) | EXCLUDE EVIDENCE (UNOPPOSED) |
| v. | ) | |
| | ) | |
| MARK PATRICK JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now defendant and moves this court for an order excluding as evidence at trial those items listed below.

**FACTUAL BACKGROUND**[1]

According to police reports provided through discovery, in the course of taking defendant into custody and later conducting an inventory of the vehicle he was driving, police found two items they described as "restricted weapons." These consisted of a pocket knife and a stun gun. They are restricted by virtue of defendant having previously been convicted of a felony.

---

[1] A more complete description of the facts of the case is set out in defendant's first motion in limine to exclude evidence. See Doc. # 51.

1 - SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE (UNOPPOSED)

According to police reports, as well as testimony elicited during the December 4, 2014, motion hearing, immediately upon being arrested defendant was advised of his rights per *Miranda v. Arizona*, 384 U.S. 436, 467, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).  Subsequently, another officer arrived on the scene, who again advised defendant of his rights.  That officer then asked defendant a question about the money that had been found on his person, and defendant said nothing, literally remaining silent.  When asked, defendant denied the police consent for the search of the vehicle.  When he was asked further questions he said he wanted to speak with an attorney.  Questioning then stopped.

## EVIDENCE DEFENDANT MOVES TO BE EXCLUDED

Defendant moves to exclude the following evidence.

1.   Evidence that the knife and stun gun constituted items defendant was by law restricted from possessing.

At the December 4, 2014, hearing, the court ruled that the government may offer evidence to the effect that defendant was in possession of a stun gun and, presumably, the knife police found on his person.  However, evidence that these items were illegal for defendant himself to possess by virtue of his criminal record would be irrelevant as it would not be probative to any of the elements of the crime with which defendant is charged.  As such, it is not admissible. Fed. R. Ev. 401.  Such evidence would simply be a back door means for the prosecution to get before the jury the fact that defendant has been convicted of a felony.  That would invite the

2 - SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE (UNOPPOSED)

jury to conclude that defendant is a bad person and is therefore predisposed to commit such the crime with which he is charged. *Id.*

Evidence of a prior conviction is not an element of the crime charged, and thus, without defendant testifying, such evidence would also violate fundamental principles of our system of justice. Consequently, the evidence would violate defendant's right to due process under the Fifth Amendment, further rendering the evidence inadmissible. Rule 402 (Evidence that might otherwise be admissible must be excluded if its admission would violate the Constitution.) *See, e.g., Kentucky v. Whorton*, 441 U.S. 786, 99 S. Ct. 2088 (1979).

In addition, any probative value evidence that, as a convicted felon, defendant was prohibited from possessing the knife and stun gun would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and/or undue delay. Rule 403.

Evidence of prior convictions, even without listing the specific crimes of conviction, without defendant testifying, and where the prior conviction is not an element to the crime charged, would also violate Rule 609. As noted in prior pleadings, defendant does plan on testifying.

2. Evidence of defendant remaining silent.

Evidence that a person who is under arrest and who has been advised of his Miranda rights had chosen to remain silent when asked a question is inadmissible, particularly in the government's

3 - SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE (UNOPPOSED)

case-in-chief. *Griffin v. California*, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed.2d 106 (1965); *Doyle v. Ohio*, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed.2d 91 (1976). *Cf., Salinas v. Texas*, 133 S. Ct. 2174 (2013)(silence held admissible where defendant was not in custody and had not been advised of his rights, and who had chosen to answer some questions but refused to answer others).

As noted above, at the time in question defendant was under arrest and had been twice advised of his right to remain silent. When questioned after the second he was advised of his right, his first response was to literally exercise the very right the police told him that he had by literally remaining silent. Evidence of that silence is therefore inadmissible.

Defense counsel has submitted a copy of the above language to AUSA Leah Bolstad, who has indicated that the government will not offer the evidence in question barring defense counsel opening the door to its admissibility.

Respectfully submitted this 9th day of December, 2014.

/s/ Philip A. Lewis
PHILIP A. LEWIS, OSB #78284
Attorney for Defendant

4 - SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE (UNOPPOSED)