IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE No. 3:14-cr-00224-JO |
| ) | |
| v. ) | FINDINGS OF FACT AND |
| ) | CONCLUSIONS OF LAW |
| MARK PATRICK JOHNSON ) | |
| ) | |
| ) | |
| Defendant. ) | |

JONES, Judge:

## INTRODUCTION

Defendant Mark Patrick Johnson was indicted on one count of Possession with the Intent to Distribute Methamphetamine in an amount exceeding 50 grams of actual methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). (#1) Thereafter, Johnson filed this motion to suppress evidence seized during his arrest and the subsequent search of his vehicle. (# 27) In particular, he seeks suppression of a stun gun, a glass pipe, a backpack, a duffle bag, and cellphones obtained in the search during and after his arrest. He argues the inventory of the car was unlawful because the police created the exigency to tow

1 Findings of Fact and Conclusions of Law

the car by performing a "loose box" traffic stop. He also challenges whether probable cause existed at the time the magistrate issued a search warrant for the contents of his vehicle. I held a hearing on the motion on December 4, 2014 and make the following findings of fact and conclusions of law.

## STANDARDS

The Fourth Amendment provides that "[t]he right of the people to be secure ... against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Amendment protects "people—and not simply 'areas'—against unreasonable searches and seizures." *Katz v. United States,* 389 U.S. 347, 353 (1967). Courts must accord great deference to a magistrate's probable cause determination. *United States v. Leon*, 468 U.S. 897, 914 (1984). However, this deference does not preclude inquiry into deliberate or reckless statements of an affiant. *United States v. Leon*, 468 U.S. at 914. A search warrant affidavit also receives a presumption of validity and a challenger must overcome this presumption. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). To help protect an individual's Fourth Amendment rights, courts apply the "exclusionary rule," which provides that evidence obtained in violation of the Fourth Amendment will be excluded from use against a defendant at trial. *Wong Sun v. United States,* 371 U.S. 471, 488 (1963). With those standards in mind, I turn to the facts in this case.

## FINDINGS OF FACT

### A. The Traffic Stop

On April 10, 2014, Multnomah County Sheriff's Deputies Burkeen and Zwick located Johnson on Southeast 82nd Avenue at the Clackamas Inn (16010 SE 82nd). Burkeen called Officers Corona and Ables informing them that Johnson, in warrant status for an outstanding post-prison supervision violation, just left the Clackamas Inn. Burkeen asked for assistance in effecting the arrest. Burkeen and Zwick followed Johnson to a residence in Gladstone, 1075 Clayton Way ("Clayton Residence"). The deputies did not arrest Johnson at this time. Officers Corona and Ables initiated a traffic stop after Johnson left the Clayton Residence. They conducted a "loose box" traffic stop, wherein one police car approached Johnson from the front and another police car approached Johnson from behind so that he could not proceed without a collision. All the vehicles came to rest a few feet apart from each other. Johnson was the sole occupant of his vehicle. Corona recognized him, knew him to be a member of European Kindred (EK), a violent, white supremacist prison gang, and approached the vehicle at gunpoint. Johnson was driving with a suspended license and could not provide proof of valid insurance. Johnson knew only the first name of the owner of the car and did not know how to contact her. The officers arrested defendant without any incident, and advised him of his *Miranda* rights.

The officers searched Johnson and found a Kershaw1990 folding knife in his front pocket, $7,100 in $20 and $100 increments in Johnson's rear pant pocket, and $150 in Johnson's wallet. The Kershaw 1990 folding knife is an "assisted opening" knife that utilizes a torsion bar to help move the blade in and out of the handle. When questioned about the $7100, Johnson said he inherited the money and intended to purchase a car, although he was unable to say what kind of car he intended to purchase or from where he was going to transact the purchase. The officers

then called in Officer Swail and his drug-detection K9 to conduct a search of the exterior of the vehicle. Officer Swail conducted the search with his K9 and notified the other officers that the K9 had not alerted to the presence of narcotics.

### B. Inventory of the Vehicle

Johnson's car blocked traffic and because he did not have anyone to drive it and could not provide the appropriate identification of the car's owner, the officers ordered it towed. The officers conducted an inventory of the car pursuant to Portland Police Bureau's policy. From the interior of the car, the officers collected a stun gun on the driver-side floorboard, a glass pipe typical of those used for smoking methamphetamine that contained white residue in the passenger seat pocket, and two cell phones. From the trunk, the officers collected a backpack and a duffle bag.

### C. Application for a Search Warrant

A week later, Officer Corona submitted an affidavit to secure a search warrant for the backpack, duffle bag, and cellphones. In the search warrant affidavit, Corona referred to a 2009 police report reflecting that Johnson had been found with cash, weapons, and drugs in a safe or lock box concealed in his vehicle. He relied on that history to support probable cause that the bags seized in Johnson's car likely contained similar items. Corona also relied on the physical evidence obtained during the arrest—the glass pipe with residue, the Kershaw knife, the stun gun, and the $7,250 in U.S. currency— as well as his training and experience to establish probable cause for the crimes of Unlawful Possession of Illicit Controlled Substances and Felon in Possession of a Restricted Weapon.

The magistrate granted the search warrant. The search of the backpack revealed a small Sentry safe containing two bags of methamphetamine weighing approximately a quarter-pound, packing material such as Ziploc baggies, a package of syringes, a digital scale, and a bag of rubber bands. The backpack also contained paperwork with notations of court cases and case numbers. Officer Corona determined after a records check that each number corresponded to a criminal prosecution of Johnson.

## CONCLUSIONS OF LAW

### A. Traffic Stop

Based on the evidence above, I conclude there was ample probable cause for the traffic stop. The officers knew Johnson and knew there was a warrant for his arrest. The search incident to arrest revealed evidence of further crimes. The Kershaw 1900 knife operated with the assistance of a torsion bar, which is a type of spring. Oregon Revised Statute Section 166.270(2) prohibits a convicted felon from owning or possessing any "weapon having a blade that projects or swing into position by force of a spring..." *Id.* The glass pipe is of the type commonly used to smoke methamphetamines and the pipe contains white residue. The cash found in Johnson's pocket in small denominations is consistent with drug dealing and not consistent with inheritance.

### B. Inventory of the Car

I conclude it was necessary for the officers to tow the vehicle on April 10, 2014. Johnson's car was parked approximately twelve feet from the curb, blocking traffic in the east lane and requiring cars to turn around. He was the sole occupant of the vehicle, could not provide any helpful information as to the owner of the vehicle, and could not produce valid insurance for the

5 Findings of Fact and Conclusions of Law

car. Portland Police Bureau's policy prohibits officers from operating or driving private vehicles. (#43-Exh.1) In order to eliminate the traffic hazard, the officers towed the vehicle. The subsequent inventory of the vehicle is lawful because Portland Police Bureau mandates officers to conduct an inventory of impounded vehicles. (# 43-2); *S. Dakota v. Opperman*, 428 U.S. 364, 372 (1976) (holding that inventories pursuant to standard police procedures are reasonable). The officers appropriately retrieved the stun gun, glass pipe, backpack, duffle bag, and cellphones from the car.

### C. Search Warrant

I conclude there was probable cause for the magistrate to issue the search warrant. Whether an affidavit sets forth sufficient facts to give rise to probable cause to believe that evidence of a crime will be found in a particular location depends on the totality of the circumstances. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006). In this case, the affiant, Officer Corona, provided evidence that Johnson was arrested based on a parole violation warrant, and that during the search incident to arrest Corona found a spring- assisted knife and glass pipe, of the type typically used to smoke methamphetamines. Corona reasonably relied on facts recorded in the 2009 police report indicating Johnson carried methamphetamine and a firearm in a safe in the rear of his vehicle. The omission of the drug-detecting K9's failure to alert was not material to the probable cause determination. An officer is not required to provide in an affidavit every single action the officer took including actions that did not lead to any evidence. Courts must accord great deference to a magistrate's probable cause determination, unless an affiant's false statements or omissions misled the magistrate in his determination. *United States v. Leon*, 468 U.S. 897, 914 (1984). Proving the affiant made false statements is a heavy burden for the defense to overcome. *Franks v. Delaware*, 438 U.S. at 171. Here, Johnson

did not meet this burden. The facts presented in the search warrant affidavit provided ample probable cause to search the bags and phones for evidence of possession of controlled substances and unlawful possession of restricted weapons. The information the affiant provided in the search warrant affidavit sufficiently established probable cause, and it did not mislead the magistrate in making the probable cause determination. Johnson's Motion to Suppress (# 27) is DENIED.

DATED this 9th day of December, 2014.

_____
Hon. Robert E. Jones
Senior, District Court Judge